CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE CECIL HILL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00596 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| C/O CL MESSER, *et al.,* | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Tyrone Cecil Hill, a prisoner acting *pro se*, brought a 42 U.S.C. § 1983 lawsuit alleging violations of his constitutional rights based on excessive use of force when he was housed at Red Onion State Prison (ROSP).  (Compl., Dkt. Nos. 1, 1-1.)  Hill sued six people; three of them moved to dismiss for failure to state a claim (Dkt. No. 22 by A. Bentley, UM Day, Cap. Franklin) and three moved for summary judgment (Dkt. No. 25 by J. Eldridge, T. Hampton, CL Messer).  Hill filed a response to these motions.  (Dkt. No. 29.)  Hill has also filed motions for judgment against each of the defendants.  (Dkt. Nos. 32–37.)

For the reasons stated below, defendants' motions will be granted, Hill's motions will be denied, and this matter will be dismissed in its entirety.

I.  BACKGROUND

**A.  Plaintiff's Allegations**

Hill alleges that he was assaulted by various officers on the morning of January 25, 2024. (Compl. 2–3; Dkt. No. 1-1 at 3 of 75.)  Hill states that Officer Messer admitted to assaulting him on the right shoulder and ramming his head into the door frame.  This happened in the A5 day room at ROSP.  Also, Officer Hampton grabbed Hill by his right arm and threw him to the ground.  Hampton "started kneeing me in my head 3 to 5 time[s] and took me to the vestibule

and started to knee me some more in the right side of my head multiple and bang my head against the wall more than 7 times." (Compl. 2.)

Hill provides more detail in an amendment attached to the form complaint. (Dkt. No. 1-1 at 3.) Hill generally states that Messer, Hampton, Eldridge, Bentley, and "several other John Does" used physical force against him. After being kneed in the head in the vestibule by Hampton, Hill was placed in shackles. Officer Eldridge placed a mask over Hill's head and face and took Hill to the medical triage area in a wheelchair. At 8:30 a.m., Hill was put on a medical bed with three officers holding him down with handcuffs and shackles. Hill was "beaten and picked up 2 to 3 time and slamed [sic] on the bead and beat in my face and head multiple times, I suffered damage to both eyes, head damage swollen, broken rib, chest pain trouble breathing in and out." (*Id.*) Finally, Hill alleges that Bentley, Franklin, or Day "did not stop this attack at no time." (*Id.*)

**B. Facts in Support of Summary Judgment by Eldridge, Hampton, and Messer**

In support of their motion for summary judgment, Eldridge, Hampton, and Messer submitted the affidavit of T. Still, the grievance coordinator at Red Onion. Still is responsible for maintaining grievance files on inmates at ROSP. (Still Aff. ¶ 1, Dkt. No. 26-1.) Eldridge, Hampton, and Messer argue that they are entitled to summary judgment on the claims against them because Hill did not exhaust his administrative remedies.

**1. Grievance procedure**

Pursuant to Operating Procedure 866.1, Offender Grievance Procedure, grievances are to be submitted within 30 calendar days from the date of the incident. Before filing a regular grievance, the inmate must demonstrate he made a good faith effort to resolve his complaint. This can be done by submitting a written grievance form to the appropriate department head.

2

Prison staff should respond to a written complaint within 15 calendar days.  (*See* Still Aff. ¶¶ 4–6.)  Once a regular grievance is accepted during the intake process, there are three available levels of review.  (*Id.* ¶ 10; *see also id.* at ¶¶ 7–12 (further describing the Grievance Procedure).)

All Virginia Department of Corrections inmates are oriented to the Offender Grievance Procedure when they are received into VDOC and when they are transferred to a different facility, including when transferred to Red Onion.  (Still Aff. ¶ 13, Encl. B (Hill's Grievance Orientation paperwork).)  Hill accessed the grievance procedure at Red Onion on several occasions.  (Still Aff. ¶ 13, Encl. C (Wallace's Inmate Grievance record).)

### 2.  Hill's grievance activity

Hill was transferred to Wallens Ridge State Prison on the same day as the alleged assault—January 25, 2024.  (Still Aff. ¶ 15.)  On February 14, 2024, Hill filed a written complaint (Log No. ROSP-24-WRI-01097) alleging that on January 25, while at ROSP, Messer Hampton, Eldridge, and Bentley assaulted him, using excessive force.  The written complaint was received by the ROSP Grievance Department on February 26, and a response was tracked as due for March 12.  On February 28, 2024, Officer S. Hall responded to the written complaint that the matter was referred to SIU [Special Investigations Unit].  (Still Aff. ¶ 16, Encl. D.)

On March 6, 2024, Hill filed a regular grievance pertaining to the January 25 assault (Log No. ROSP-24-REG-00213).  The grievance was received in the ROSP Grievance Department on March 15.  On April 12, 2024, Warden Anderson responded to the grievance, stating that it was "addressed on Written Complaint ROSP-24-WRI-01097."  Thus, the regular grievance was considered unfounded, as procedures were properly applied.  (Still Aff. ¶ 17, Encl. E.)  Hill did not appeal.  (Still Aff. ¶¶ 18–21.)

3

**C. Plaintiff's Response to Motions to Dismiss and for Summary Judgment**

In his response, Hill describes the type of relief he would like to recover in this lawsuit. (Dkt. No. 29.)  He also attached certain documents submitted to the Attorney General of Virginia, grievance documents, and medical records.  (Dkt. No. 29-1.)

**D. Plaintiff's Motions for Judgment**

Hill has filed six identical "motions for judgment" separately against each defendant. (Dkt. Nos. 32–37.)  The motions are forms for use in state circuit court.  Hill did not sign any of these documents.

## II.  ANALYSIS

**A. Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are

not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**B. Motion to Dismiss by Bentley, Franklin, and Day**

The court looks to the Eighth Amendment to determine if Hill has sufficiently alleged a claim against defendants Bentley, Franklin, and Day. An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component. *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021). The objective component looks at whether the force applied was "sufficiently serious to establish a cause of action." *Id.* The subjective component asks whether an officer "acted with a sufficiently culpable state of mind." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019).

Hill's allegations explain that the other three defendants in this action—Eldridge, Hampton, and Messer—used excessive force against him on January 25, 2024. And he sets forth allegations regarding their involvement in the alleged use of force, as he must. "A section 1983 plaintiff must . . . plausibly allege the personal involvement of a defendant." *Moore v. Barnes*, No. 2:23-CV-56-D, 2025 WL 2841495, at *31 (E.D.N.C. Sept. 30, 2025) (citing *Iqbal*, 556 U.S. at 676–77; *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). But, while the complaint may plausibly allege an Eighth Amendment claim against Eldridge, Hampton, and Messer, Hill's allegations do not plausibly allege any personal involvement by Bentley, Franklin, or Day in the alleged assault.

Hill's pleadings include a vague allegation that Bentley, Franklin, and Day did not "stop the attack." The Fourth Circuit "recognizes a cause of action for bystander liability premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who

5

commits them." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416–17 (4th Cir. 2014). It is not clear from the allegations in the complaint whether these defendants were in any position to stop the assault. It is not even clear if they were present when the assault occurred. Thus, the court finds that plaintiff failed to plausibly allege a bystander liability claim. *See Wiggins v. Campisi*, Case No. 1:24-cv-03666-SAL, 2025 WL 3632799, at *3 (D.S.C. Dec. 15, 2025) (explaining that an officer can be liable in a § 1983 action under a bystander liability theory if the officer knows that a fellow officer is violating an individual's constitutional rights, has a reasonable opportunity to prevent the harm, and chooses not to act) (citing *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002)).

Finally, and for similar reasons, Hill has not plausibly alleged a claim for supervisor liability against these defendants. To prevail on such a claim, plaintiff must show that the supervisor had actual or constructive knowledge of a constitutional violation, that the supervisor's response was inadequate, and there was a causal link between the supervisor's inaction and the constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). Hill's complaint contains no allegations describing whether these defendants were responsible for supervising the defendants alleged to have been involved in the assault.

The motion to dismiss by Bentley, Franklin, and Day will be granted

## C. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *In re Apex Express*

6

*Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in the pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate the existence of specific, material facts that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id.* at 248.

**D.  Motion for Summary Judgment by Eldridge, Hampton, and Messer Based on Exhaustion**

Defendants Eldridge, Hampton, and Messer argue that they are entitled to summary judgment because Hill failed to exhaust his administrative remedies.  The Prison Litigation Reform Act (PLRA) provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative

remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The record in this case shows that Hill initiated a grievance related to the events in this lawsuit, but he did not pursue it through all applicable levels of review. Thus, Hill did not exhaust his administrative remedies. As the defendants have made a threshold showing of failure to exhaust, the burden of showing that administrative remedies were unavailable falls to the plaintiff. *Draper v. Ohai*, Civil Action No. 7:23-cv-00248, 2025 WL 270051, at *5 (W.D. Va. Jan. 22, 2025) (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)). Hill has failed to meet this burden in response to defendants' summary judgment motion.

For these reasons, the court will grant summary judgment to defendants Eldridge, Hampton, and Messer due to plaintiff's failure to exhaust his administrative remedies.

**E. Plaintiff's Motions for Judgment**

Hill filed motions for judgment against the defendants. Hill's motions violate Rule 11's requirement that all pleadings and motions be signed by an attorney or unrepresented party. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). In any event, Hill is not entitled to judgment for the reasons stated in this opinion.

III.  CONCLUSION

The court will issue an order granting the pending motion for summary judgment, granting the pending motion to dismiss, denying plaintiff's motions for judgment, and striking this case from the active docket of the court.

Entered: March 27, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge